UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

KEVIN COBBS and              :
MARLANA FICHTNER,            :
                             :
        Plaintiffs,          :
                             :
        v.                   :   File No. 1:08-CV-244
                             :
DAVID CLEMENTS and           :
ETHAN THIBAULT,              :
                             :
        Defendants.          :
_____:

## RULING ON PLAINTIFFS' MOTION FOR SERVICE OF PROCESS OUT OF TIME AND DEFENDANT'S MOTION TO DISMISS
(Papers 16, 17, 20)

Plaintiffs Kevin Cobbs and Marlana Fichtner move the Court to serve process out of time on Ethan Thibault. (Paper 17.) Defendant Thibault moves to dismiss the action against him because Plaintiffs failed to timely serve him. (Paper 20.) Plaintiffs' motion is denied and Defendant's motion is granted.

The complaint (Paper 7) was filed in state court on October 16, 2008. Defendant Clements was served on October 23, 2008 and he thereafter removed the suit to this Court on November 3, 2008. The Court allowed Plaintiffs additional time to serve Thibault, and then, on April 27, 2009, ordered Plaintiffs to show proof of service as to him or to explain why service had not been made. (Paper 8.) Plaintiffs responded Thibault could not be served because he was in Iraq and requested leave to serve him by

1

publication. (Paper 9.) On May 29, the Court denied Plaintiffs' motion for service by publication. (Paper 10.)

Meanwhile, defendant Clements' counsel informed Plaintiffs on May 15 -- the day after their reply to the Court's April 27 Order -- that Thibault was not out of the country but rather at military training in the United States. (Paper 20-3 at 2.) On June 1, Plaintiffs informed the Court Thibault was in a "**confidential** location in the States, so service cannot be performed." (Paper 11 (emphasis in original).) Defense counsel did not advise Plaintiffs that Thibault was in a confidential location. (Paper 20-3.) Plaintiffs served Thibault on August 26, 2009. (Paper 22.)

In fact, Thibault was out of the country serving as a civilian Department of Defense contractor from the time of the Complaint until January 13, 2009. (Paper 20-2.) From January 23, 2009 until the present -- except for a leave to attend military training in May -- Thibault has been on active duty as a Burlington police officer. Id. Excluding the time from the filing of the Complaint until Thibault's return from overseas and the time he was at military training in May 2009, Plaintiffs took six months to serve Thibault.

Federal Rule of Civil Procedure 12(b)(5) allows a defendant who has not been properly served to file a motion to dismiss for "insufficiency of process." Id. After removal, the Federal

2

Rules of Civil Procedure apply and govern procedure after removal, including service of process. G.G.G. Pizza, Inc. v. Domino's Pizza, Inc., 67 F. Supp. 2d 99, 101-02 (E.D.N.Y. 1999). Federal Rule of Civil Procedure 4 governs federal service of process and (1) requires service be performed within 120 days after the complaint is filed and (2) provides for extensions of the time in which service may be effected. Id. 4(m). Rule 4(m) requires an extension where a plaintiff shows good cause and the Second Circuit has held "district courts have discretion to grant extensions even in the absence of good cause." Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007). The determination of whether good cause is present, and what if any extension may be appropriate, are made in the Court's discretion. Id. at 197. The Second Circuit "owe[s] deference to [a] district court's exercise of discretion whether or not it based its ruling on good cause." Id.

Here, Plaintiffs have not even come close to showing good cause for their failure to timely serve Thibault. They argue the failure to timely serve was due to "excusable neglect" because of a "misunderstanding that Officer Thibault was in a 'confidential[]' location." (Paper 17 at 2.) Further, there was "good cause" for the delay because Thibault's overseas service and military training was outside of their control. (Paper 23 at 2.) Other than one call to the Burlington Police Department in

3

May 2009, Plaintiffs made no attempt to locate Thibault or timely request an extension to serve him.  The Court's April 27 Order was almost two months after the deadline for Plaintiffs' to serve Thibault.  See G.G.G. Pizza, 67 F. Supp. 2d at 102 (noting plaintiff has additional 120 days to serve complaint once action is removed to federal court under Rule 4(m)).  After the Court's denial of their motion to serve by publication, and despite their acknowledgment that Thibault was in the United States, Plaintiffs failed to move to extend the time for service.  Additionally, there is no evidence Thibault was aware of the lawsuit brought in October 2008 until he was served on August 26, 2009.

Where good cause is absent, and dismissal without prejudice could effectively result in dismissal with prejudice due to a statute of limitations, the Second Circuit has held it "will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties."  Zapata, 502 F.3d at 197.

The Court is aware the dismissal of Thibault without prejudice, in combination with the statute of limitations, may result in Plaintiffs being unable to proceed against him.  But that does not excuse Plaintiffs' failure to serve him in a timely manner.  The prejudice to Thibault is clear:  if the statute of limitations would bar a re-filed action and the Court accepts

Plaintiffs' dilatory service, Thibault will be required to defend an otherwise invalid action. The Court also notes Plaintiffs have served Clements. Therefore, the prejudice to Plaintiffs is mitigated because their suit continues. Compare id. (affirming dismissal of complaint against single defendant without prejudice for service that was four days late).[1]

Plaintiffs' citation to Bumpus v New York City Transit Auth., 883 N.Y.S.2d 99 (N.Y. App. Div. 2d Dep't 2009) is misplaced because whether other states' lower courts "have modified the potential for harsh results by allowing extensions for the interest of justice even when good cause is not shown," (Paper 23 at 3), is irrelevant. This Court is obligated to apply federal service of process rules and precedents. Nontheless, the factors listed by the Bumpus court do not weigh in Plaintiff's favor. As noted above, Plaintiffs were not diligent, the length of delay in service is significant, Plaintiffs never requested an extension, and Thibault would be prejudiced by an extension.

---

[1] As noted above, removed cases are governed by federal procedure. Therefore, a plaintiff who has not served a defendant prior to removal must effect service under the federal rules. The return of service filed with the Court (Paper 22) does not specify whether the summons served on Thibault was a federal summons, but as the docket lists no federal summons and the insufficient service attempt one day before (Paper 18) listed the state court summons as the summons served, the Court notes the August 26, 2009 service of process on Thibault may have been insufficient. See Garena v. Korb, No. 3:08-CV-1340, 2009 WL 1392603, at *2 (D. Conn. May 15, 2009) (citing Dean Mktg., Inc. v. AOC Int'l Ltd., 610 F. Supp. 149, 152 (D. Mich. 1985)).

5

Plaintiffs' Motion for Service of Process Out of Time (Paper 17) is DENIED.  Defendant Thibault's Motion to Dismiss (Paper 20) for insufficiency of process is GRANTED and the complaint is dismissed without prejudice as to Thibault.  The Stipulated Motion to Adopt Discovery Schedule (Paper 16) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of September, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge